# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. KOONTZ <br> 1559 Cobblestone Drive <br> Sedalia, MO 65301 <br><br> Plaintiff; <br><br> v. <br><br> PROENERGY SERVICES, LLC <br> Registered Agent: <br> Jeff Canon <br> 805 Thompson Blvd. <br> Sedalia, MO 65301 <br><br> Defendant. | Case No. 11-cv-4207 <br><br> **Jury Trial Demanded** |

## COMPLAINT

**COMES NOW** Plaintiff, Thomas Koontz, by and through counsel, and hereby sets forth this action for violations of the Fair Labor Standards Act ("FLSA") and Missouri Minimum Wage Law, R.S.Mo. §§ 290.500 *et seq.* ("MMWL"), and states as follows:

## FACTUAL BACKGROUND

1. Plaintiff brings this action against Defendant ProEnergy Services, LLC ("Defendant") for unpaid wages, and related penalties and damages.

2. It is estimated that in the previous three years, Plaintiff has worked in excess of **2,364.5 hours of overtime**. The overtime premiums, without related fees and penalties, owed to Plaintiff are in excess of **$70,935.00**.

3. Defendant's practices and policies have resulted in Defendant willfully failing to properly pay overtime due and owing to Plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In addition, Plaintiff brings this action for

Defendant's failure to pay overtime due and owing to Plaintiff in violation of the Missouri Minimum Wage Law, R.S.Mo. §§ 290.500 through 290.530 ("MMWL").

4. Defendant provides a variety of professional services to the energy and ethanol industry and is based in Sedalia, Missouri.

5. Plaintiff is employed by Defendant as a Project Manager and is paid $60.00 per hour.

6. Plaintiff has never been paid an overtime premium of one and one-half times his regular rate when he exceeds 40 hours in a workweek.

7. Defendant has failed to pay wages and overtime pay to Plaintiff by failing to pay him for all of his compensable time in violation of the FLSA and the MMWL. Plaintiff seeks compensation for unpaid overtime premiums for all hours worked, required, suffered, or permitted by Defendant; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

8. Defendant is a Missouri limited liability company doing business in the State of Missouri with its principal place of business in Sedalia, Pettis County, Missouri.

9. Plaintiff Thomas Koontz resides in Sedalia, Pettis County, Missouri.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

11. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business in Pettis County, Missouri, located within this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the Western District of Missouri, and the causes of action set forth herein have arisen and occurred in substantial part in the Western District of Missouri. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within Western District of Missouri.

13. The claims for violations of the MMWL are based upon the statutory law of the State of Missouri. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for these pendant state claims because they arose out of the same nucleus of operative facts as the FLSA claims. Addressing all such claims in this judicial proceeding will provide judicial economy, fairness and convenience for the parties and will not create unmanageable confusion to a jury. The liability evidence will substantially overlap as to all causes of action, and no single cause of action will improperly predominate.

## COUNT I
### FLSA Claims

14. Plaintiff hereby incorporates the allegations set forth above.

15. While employed by Defendant, Plaintiff performed work as an hourly employee for Defendant both in Sedalia and throughout the United States.

16. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars) annually.

17. The FLSA requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

18. At all relevant times, Defendant has had a policy of paying Plaintiff on an hourly basis of $60.00 per hour and has never paid an overtime premium when Plaintiff performed work in excess of forty hours in a workweek.

19. Defendant has failed to compensate Plaintiff for all hours worked, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*

20. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

21. Plaintiff seeks damages in the amount of all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, and such other legal and equitable relief as the Court deems just and proper.

22. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays for relief as follows:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

    b.    An award of damages for overtime compensation due for the Plaintiff including liquidated damages, to be paid by Defendant;

    c.    Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

    d.    Pre-Judgment and Post-Judgment interest, as provided by law; and

4

Case 2:11-cv-04207-NKL   Document 1   Filed 08/10/11   Page 4 of 6

e. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II
## MMWL Claims

23. Plaintiff hereby incorporates the allegations set forth above.

24. At all relevant times, Defendant has been an "employer" within the meaning of the MMWL.

25. At all relevant times, Defendant has employed, and continues to employ, "employees," within the meaning of the MMWL, including the Plaintiff.

26. Plaintiff brings a claim for Defendant's violation of the MMWL.

27. The MMWL, R.S.Mo. § 290.505, requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

28. At all relevant times, Defendant has had a policy of paying Plaintiff on an hourly basis of $60.00 per hour and has never paid an overtime premium when Plaintiff performed work in excess of forty hours in a workweek

29. Defendant has failed to compensate Plaintiff for all hours worked, and therefore, Defendant has violated, and continues to violate, the MMWL.

**WHEREFORE**, the Plaintiff, prays for relief as follows:

a. Declaring and determining that Defendant has violated the MMWL by failing to properly pay wages due to Plaintiff;

b. Entering judgment in favor of Plaintiff against Defendant for amounts due Plaintiff for unpaid wages;

c. Awarding Plaintiff the statutory liquidated damages under R.S.Mo. § 290.527 for Defendant's violations of the MMWL;

d. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees, as provided in R.S.Mo. § 290.527;

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all claims and issues triable by jury.

## Designated Place of Trial

Plaintiff hereby designates Jefferson City, Missouri as the place of trial.

Respectfully submitted,

BRADY & ASSOCIATES

*/s/ K.C. Connealy*
K.C. Connealy        MO #57239
Michael F. Brady     MO #47521
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
Tel: (913) 696-0925
Fax: (913) 696-0468
connealy@mbradylaw.com
brady@mbradylaw.com
**ATTORNEYS FOR PLAINTIFF**